IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

Nelson Thompson
    Plaintiff,

vs.                                      Civil Action No. 05-2077-Ma/V

John E. Potter,

    Defendant.

## RULE 16(b) SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held May 19, 2005. Present were Nelson Thompson, pro se, and an Assistant U.S. Attorney (standing in for AUSA Harriett M. Halmon), counsel for Defendant. At the conference the following dates were established as the final dates for:

INITIAL DISCLOSURES PURSUANT TO Fed. R. Civ. P. 26(a)(1): June 1, 2005

JOINING PARTIES: July 19, 2005

AMENDING PLEADINGS: July 19, 2005

INITIAL MOTIONS TO DISMISS: August 19, 2005

COMPLETING ALL DISCOVERY: February 17, 2006

    (a)    DOCUMENT PRODUCTION: February 17, 2006

    (b)    DEPOSITIONS, INTERROGATORIES AND REQUESTS FOR ADMISSIONS:

            February 17, 2006

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-20-05



(c) EXPERT WITNESS DISCLOSURE (Rule 26):

(1) DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION: December 16, 2005

(2) DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION: January 16, 2006

(3) EXPERT WITNESS DEPOSITIONS: February 17, 2006

FILING DISPOSITIVE MOTIONS: March 17, 2006

OTHER RELEVANT MATTERS:

No depositions may be scheduled to occur after the discovery cutoff date, absent consent of the parties. All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

This case is set for (jury) ~~non-jury~~ trial, and the trial is expected to last three days. The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.

The parties are encouraged to engage in court-annexed attorney mediation or private mediation after the close of discovery. The parties will notify the court after the close of discovery if they desire court annexed mediation.

The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

The parties have not consented to trial before the magistrate judge.

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

IT IS SO ORDERED.

*/s/ Diane K. Vescovo*
Diane K. Vescovo
UNITED STATES MAGISTRATE JUDGE

DATE: May 19, 2005

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:05-CV-02077 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Nelson Thompson
2786 Juanita Circle West
Memphis, TN 38133--487

Harriett M. Halmon
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT